UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

    -against-                                                             1:07-CR-345
                                                                                           (LEK)

JOSEPH DURHAM,

                Defendant.

## **MEMORANDUM-DECISION AND ORDER**

Before the court are various Motions *in limine,* filed by the Defendant Joseph Durham and the Government. This order addresses the Government's Motion (Dkt. No. 47) and the Defendant's second Motion (Dkt. No. 46) in full. This order addresses certain claims brought by the Defendant's first Motion (Dkt. No. 39). The remaining claims will be addressed by the Court on the record at a later date, either at or before trial, as explained below.

**I.**      **Evidence of Other Crimes or Misconduct Attributed to the Defendant**

In the Defendant's first Motion *in limine* (Dkt. No. 39), he seeks to suppress the use at trial of any evidence of prior crimes or bad acts attributed to the Defendant, until the Court holds a hearing outside the presence of the jury to determine: the admissibility of such evidence for impeachment purposes under Fed. R. Evid. 609(b); whether the extraneous offense or bad act fits one of the exceptions to the general rule excluding character evidence pursuant to Fed. R. Evid. 404(b); and whether the probative value of any such evidence is substantially outweighed by the

1

danger of unfair prejudice, confusion of the issues, or misleading, unnecessary or cumulative evidence, pursuant to Fed. R. Evid. 403. These issues are also raised in the Defendant's second Motion *in limine* in regards to alleged statements by the Defendant regarding other guns, and will be discussed below in Part III of this Order. To the extent the Government seeks to introduce any other evidence of prior crimes or bad acts, the Court will address the admissibility of such evidence as the issues arise.

II.     **Brady Compliance**

In Defendant's first Motion *in limine* (Dkt. No. 39), he also moves the Court for an Order directing the Government to provide Brady material that Defendant's attorney requested of the Government in a letter dated September 19, 2008. The letter request (Dkt. No. 39, Attach. 1) stated that:

> Many arrests and debriefings of Jungle Junkie gang members and other cooperating gang members and witnesses have occurred over the last few years. I have reason to believe that as part of those debriefings information and reports about community guns, guns hidden in alleyways and other placement of guns in hidden locations in the area involved in this case has been collected and in some cases acted on by the government. Such information falls under the disclosure requirements of Brady v. Maryland.

After receiving that request, the Government provided the Defendant with a redacted Report of Investigation (ROI) prepared by ATF Special Agent Angelo Vara. Dkt. No. 36, Attach. 1. The ROI, dated April 6, 2006, concerned a gun allegedly located (but not discovered) in an area approximately three blocks from the location where the gun at issue in the Defendant's case was found. In its letter response accompanying the ROI, the Government contended that it had fully complied with its Brady requirements. Dkt. No. 36.

2

**A.     Discussion**

Due process requires the prosecution to produce any requested evidence that is materially favorable to the defendant, as to either guilt or punishment.  Brady v. Maryland, 373 U.S. 83, 87 (1963).  For Brady purposes, "evidence is material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Strickler v. Greene, 527 U.S. 263, 280 (1999) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

Here, the Government has complied with its constitutional obligations under Brady. The incident in the ROI dates back to March 2006, and the alleged location of the gun in the ROI was in the same neighborhood, but not the same alley, as the gun at issue in Defendant's case. Moreover, the gun in the Defendant's case was found by the police in July 2007, over a year after the incident in the ROI.  In summary, the connection between the incident in the ROI and the gun at issue in Defendant's case is far too tenuous to place upon the Government the obligation to provide any further details regarding the ROI, or to provide an unredacted copy of the ROI. Furthermore, in the Government's response (Dkt. No. 36) to the Defendant's letter request (Dkt. No. 39, Attach. 1), the Government stated:

> We have made inquiries of the two prosecutors assigned to prosecute the Jungle Junkies RICO case.  We have made additional inquiries of a number of officers and agents involved in the investigation of that case.  We are not in possession of any prior information about this defendant, this .32 caliber gun, or other "community" guns at that location, at the time of our incident or any other time.

Based on the parties' submissions, the Court fails to see what evidence the Government has withheld that would be material to the guilt or punishment of the Defendant.  Accordingly, the

3

Defendant's Motion *in limine* for an Order requiring the Government to provide additional <u>Brady</u> materials is denied.

### III.    Admissibility of Notes and Other Evidence Concerning Other Guns

The Defendant's second Motion *in limine* requests that the Court preclude the Government's attorney and witnesses from introducing statements attributed to the Defendant concerning the location or knowledge of the whereabouts of firearms not related to the offense charged in the indictment.  Dkt No. 46.  Defendant argues that these statements are not relevant to the trial under the standard of Fed. R. Evid. 401, and are more prejudicial than probative under Fed. R. Evid. 403.  Finally, the Defendant argues that any such statements which derived from the recently found notes of Albany Patrol Officer Greg Krikorian should be excluded, as these statements were not turned over to the defense in a timely fashion under Rules 12 and 16 of the Federal Rules of Criminal Procedure.

In its Motion *in limine*, the Government seeks permission to introduce evidence of Defendant's prior bad acts– specifically, evidence offered by Officer Krikorian that the Defendant admitted possession of and knowledge about the location of guns other than the one at issue in this case.  Dkt. No. 47.

### A.    Discussion

While the prosecution may not offer evidence of the defendant's other crimes or bad acts to prove criminal propensity, such evidence is potentially admissible if offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); <u>see</u> <u>United States v. Harris</u>, 733 F.2d 994, 1006 (2d Cir. 1984) (such

evidence is generally admissible "for any purpose other than to show a defendant's criminal propensity"). Even when such evidence is offered for a permissible purpose, a district court "has broad discretion in deciding whether to admit similar act evidence." Harris, 733 F.2d at 1006. For example, a district court has the discretion to exclude such evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403; see United States v. Figueroa, 618 F.2d 934, 939 (2d Cir. 1980).

Evidence is unfairly prejudicial if it leads the jury to find guilt based upon a different ground than required by the elements of the charged offense. See Old Chief v. United States, 519 U.S. 172, 180 (1997). The Second Circuit, quoting from an earlier case, provided this analysis of "unfair prejudice" in 2006:

> Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant. . . . When material evidence has an additional prejudicial effect, Rule 403 requires the trial court to make a conscientious assessment of whether the probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant.

United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006) (quoting United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980)) (other internal citations omitted).

The evidence at issue here stems from the Defendant's alleged admissions as to knowledge about the location of other guns and his possession of another gun. Such evidence is certainly relevant within the low threshold established by Fed. R. Evid. 401. Evidence that the

Defendant was familiar with the location of various guns could bear some weight on the question of whether the Defendant possessed a particular gun, and later disposed of that gun. However, such evidence raises the legitimate concern of prejudicing the Defendant, as well as confusing the jury as to the central inquiry in this case– whether the Defendant committed the specific crime charged, namely, whether the Defendant possessed the particular gun (a Warner Arms .32 caliber handgun, serial number 7004) recovered by the police on July 10, 2007. Indictment (Dkt No. 1). Any admissions as to the Defendant's possession of or knowledge about other guns raises the risk that a jury would convict based on Defendant's alleged propensity for gun involvement rather than on the specific facts of this case.

The Government argues that much of their proffered evidence as to other guns should not be considered "bad acts" evidence, as the evidence would not implicate the Defendant in any other crime– for example, statements concerning the Defendant's knowledge of the location of other guns which Defendant denies owning. The Government is correct that statements concerning the Defendant's knowledge of guns he did not claim to own would not necessarily implicate the Defendant in a crime, and thus the admissibility of such evidence is not subject to an analysis under Fed. R. Evid. 404(b). However, this evidence, like all evidence, is still subject to Fed. R. Evid. 403. Thus, whether particular statements would or would not be properly classified as "bad acts" evidence has no bearing on its admissibility if the Court determines that the probative value is substantially outweighed by the danger of unfair prejudice, or confusion of the issues. Moreover, a jury could infer the Defendant's mere knowledge of guns being stored in various locations as evidence of the Defendant's further involvement with gun possession,

outside of the facts of this case.

The Court concludes that the probative value of the evidence regarding other guns is substantially outweighed by prejudice to the Defendant, and that the introduction of this evidence would raise a considerable possibility of confusing the jury. Accordingly, the Court shall deny the Government's request to introduce evidence of alleged admissions that the Defendant made in regards to other guns, and grant the Defendant's Motion to exclude such evidence.

Of course, the Government will still be allowed to admit the Defendant's statements concerning knowledge of gun locations and other guns the Defendant allegedly admitted to owning if the Defendant places his knowledge and intent at issue; for example, by testifying that he did not have knowledge as to where to procure a gun. See United States v. Caputo, 808 F.2d 963, 968 (2d Cir. 1981).

Because the Court shall exclude this evidence due to its prejudicial nature and probability of confusing the issues for the jury, the Court declines to reach the issue of whether the evidence should be excluded as untimely under Fed. R. Crim. P. 12 and 16.

**IV.     Use of Officer Krikorian's Guilty Plea to DWAI for Impeachment Purposes**

The Government seeks an Order from the Court prohibiting the Defendant from cross-examining one of the Government witnesses, Albany Patrol Officer Greg Krikorian, as to his guilty plea to a violation, in December 2004, to Driving While Ability Impaired, in violation of the New York State Vehicle and Traffic Law Section 1192(1). Government's Mot. in Limine (Dkt. No. 47).

**A.     Discussion**

Fed. R. Evid. 609(a) permits the use of a witness's prior conviction for impeachment purposes if the conviction was for a crime punishable by at least one year in prison, or a crime that involved dishonesty or false statement, regardless of the punishment.  Fed. R. Evid. 608(b) permits the use of other specific instances of misconduct for impeachment purposes, "in the discretion of the court, if probative of truthfulness or untruthfulness . . . concerning the witness' character for truthfulness or untruthfulness."

Officer Krikorian pled guilty to a violation, the maximum penalty for which is 15 days imprisonment for a first offense.  NY Vehicle and Traffic Law § 1193.  Moreover, conviction for driving while impaired does not require "proof or admission of an act of dishonesty or false statement."  Fed. R. Evid. 609(a)(2).  Thus, his conviction does not meet the threshold test for admissibility under Fed. R. Evid. 609(a).  Nor does his guilty plea for a violation meet the test for admissibility under Fed. R. Evid. 608(b), as the offense to which Officer Krikorian pled guilty is not one of a type "concerning the witness' character for truthfulness or untruthfulness."

Finally, the Court is not convinced that the Officer's single conviction for this violation would be relevant to these proceedings.  Officer Krikorian pled guilty in December 2004, concerning conduct that occurred in October of that year.  The conduct leading to his guilty plea had no apparent connection to his investigation or other involvement with the matters at issue in this case, which arose in 2007.  Thus, the Court shall grant the Government's Motion, and thus the Defendant will not be permitted to cross-examine Officer Krikorian regarding his 2004 guilty plea to Driving While Ability Impaired.

**V.    CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Defendant's First Motion *in limine* (Dkt. No. 39) is **DENIED** in part; the Defendant's request for an Order directing the Government to provide additional Brady material is **DENIED**; and it is further

**ORDERED**, that the Defendant's Second Motion *in limine* (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED**, that the Government's Motion *in limine* (Dkt. No. 47) is **GRANTED** in part and **DENIED** in part; the Defendant is precluded from cross-examining Albany Patrol Officer Greg Krikorian as to his guilty plea to Driving While Ability Impaired in December 2004; the Government is precluded from introducing evidence of the Defendant's alleged admissions regarding other guns not the subject of this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    December 03, 2008
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

9